## In re PHARMACY BENEFIT PLAN ADMINISTRATORS PRICING LITIGATION

### No. MDL 1470.

Judicial Panel on Multidistrict Litigation.

June 17, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN * and J. FREDERICK MOTZ,*

* Judges Selya, Jensen and Motz did not participate in the decision of this matter.

Judges of the Panel.

## ORDER DENYING TRANSFER

**WILLIAM TERRELL HODGES,**
Chairman.

This litigation consists of five actions: three actions in the District of Arizona and one action each in the Central District of California and the Northern District of California. Plaintiffs in all actions move, pursuant to 28 U.S.C. § 1407, to centralize these five actions in the Northern District of California for coordinated or consolidated pretrial proceedings. All defendants oppose the motion. If the Panel deems Section 1407 transfer of any actions appropriate, defendants in the Northern California action suggest transfer of that action to the Southern District of New York for coordinated or consolidated pretrial proceedings with five similar actions (not currently before the Panel) pending before the New York court.

On the basis of the papers filed and hearing session held, the Panel finds that while these five actions clearly share common legal questions and, perhaps, a few factual questions, unique questions of fact predominate over any common questions of fact. Each plaintiff is a member of a different pharmacy benefit plan and has sued a pharmacy benefit manager (PBM) which services each plan under different contracts. Only one PBM is a defendant in each action and there is no allegation that the PBMs conspired with each other to violate the Employee Retirement Income Security Act of 1974. In addition, although each plaintiff purports to represent a nationwide class, the possibility of conflicting class determinations is minimal, because only one PBM is involved in each

action and the two actions which involve the same PBM (but different benefit plans) are both pending in the District of Arizona. Accordingly, centralization under Section 1407 is not warranted. We point out that alternatives to Section 1407 transfer exist that can minimize any possibility of duplicative discovery, inconsistent pretrial rulings, or both. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud. Pan.Mult.Lit.1978). *See also Manual for Complex Litigation, Third,* § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these five actions is denied.[1]

## SCHEDULE A

*MDL–1470—In re Pharmacy Benefit Plan Administrators Pricing Litigation*

*District of Arizona*

*Gerald R. Minshew, etc. v. Express Scripts, Inc.,* C.A. No. 2:01–2412

*Gail Marantz, etc. v. AdvancePCS, Inc.,* C.A. No. 2:01–2413

*Lisa Lewis, etc. v. AdvancePCS, Inc.,* C.A. No. 2:02–507

*Central District of California*

*Roland Bickley, etc. v. Caremark RX, Inc.,* C.A. No. 5:02–241

*Northern District of California*

*Monica Keim, etc. v. Merck–Medco Managed Care, LLC, et al.,* C.A. No. 3:01–4513

---

1. The question of Section 1407 centralization of the Northern California action with five potentially related New York actions is not properly before the Panel, because the parties to the New York actions were not notified of these proceedings and given an opportunity to respond in accordance with the Panel's Rules of Procedure, 199 F.R.D. 425 (2001).